UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                        Case No. 16-CR-111

JABOREE WILLIAMS,

          Defendant.

## REPORT AND RECOMMENDATION ON PRETRIAL MOTIONS

Currently before the court are several pretrial motions filed by defendant Jaboree Williams. Williams moves the court to (1) order a bill of particulars (ECF No. 70); (2) order the government to produce to Williams all evidence within its possession, custody, or control that is in any way exculpatory (ECF No. 71); and (3) order the immediate production of the grand jury transcript. (ECF No. 72.) The matters being fully briefed (ECF Nos. 70, 71, 72, 81) are ready for resolution.

**Motion for Bill of Particulars**

Williams contends that Counts Eleven through Fifteen of the superseding indictment (ECF No. 62) do not provide specific enough information to prepare a defense, to avoid prejudicial surprise at trial, and/or to plead double jeopardy in a

subsequent prosecution. *See United States v. Kendall*, 665 F.2d 126, 134-35 (7th Cir. 1981).

Thus, he asks the court to grant a bill of particulars that would:

> (1) identify each and every phone call by date and time which the government intends on introducing as evidence.
>
> (2) identify the person to whom Williams speaks in regard to each phone call so identified.

(ECF No. 70 at 4.) As grounds, Williams notes that the allegations in Counts Eleven through Fifteen are based on the contents of a large number of phone calls made between Williams and various third parties. Because of the extensive nature of this discovery and the imbalance of resources between the government and the defense, Williams argues that the government should be ordered to provide the identifying information with regard to the phone calls it intends to use at trial.

An indictment must contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars" the purpose of which would be to:

> to inform the defendant of the nature of the charge against [him] to enable [him] to prepare for trial, to avoid or minimize the danger of surprise at time of trial, and to enable [him] to plead acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite.

*United States v. Brown*, 2015 WL 269205, *4 (E.D. Wis. Jan. 21, 2015) (citing *United States v. Roman*, 728 F.2d 846, 856 (7th Cir. 1984)). "Whether to require a bill of particulars rests

2
Case 2:16-cr-00111-JPS   Filed 02/23/17   Page 2 of 9   Document 89

within the sound discretion of the district court." *United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003).

The "bill-of-particulars analysis is similar to the constitutional sufficiency-of-the-indictment analysis; 'in both cases, the key question is whether the defendant was sufficiently apprised of the charges against him in order to enable adequate trial preparation.'" *United States v. Vaughn*, 722 F.3d 918, 927 (7th Cir. 2013) (quoting *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008)). "[A] bill of particulars is 'unnecessary where the indictment sets forth the elements of the charged offenses and provides sufficient notice of the charges to enable the defendant to prepare his defense.'" *Id.* (quoting *Hernandez*, 330 F.3d at 975; citing *Kendall*, 665 F.2d at 135). "Information relevant to the preparation of a defense includes the elements of each charged offense, the time and place of the accused's allegedly criminal conduct, and a citation to the statute or statutes violated." *Blanchard*, 542 F.3d at 1140; *see also United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003).

"Where the indictment fails to provide the full panoply of such information, a bill of particulars is nonetheless unnecessary if the information 'is available through some other satisfactory form,' such as discovery.'" *Blanchard*, 542 F.3d at 1140 (quoting *Hernandez*, 330 F.3d at 975). Moreover, while a defendant is entitled to know the offense with which he is charged, the government need not disclose all the details of how it will prove its case. *Blanchard*, 542 F.3d at 1141 (citing *Fassnacht*, 332 F.3d at 445); *see also*

*Kendall*, 665 F.2d at 135 (quoting *United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir. 1979)) ("It is established that 'a defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case.'"); *United States v. Douglas*, 2005 WL 1514165, at *4 (W.D. Wis. June 27, 2005) (citing *Wong Tai v. United States*, 273 U.S. 77, 82 (1927)) ("[A] bill of particulars under F. R. Crim. Pro. 7(f) is not designed to provide the defendant with a detailed disclosure of the government's witnesses, legal theories or evidentiary detail."). Thus, a motion for a bill of particulars should not be confused with a request to admit or an interrogatory; it is not a discovery tool. S*ee United States v. Vest*, 2006 WL 2135760, at *2-3 (S.D. Ill. July 28, 2006).

The government contends that the superseding indictment, combined with the discovery materials provided to the defense, sufficiently apprise Williams of the charges against him such that he is able to prepare a defense. (ECF No. 81 at 3.) Moreover, the government states that it has already provided defense counsel with "a list of approximately 60 jail calls made by Williams to various individuals identifying the call by date, time, and recipient." (ECF No. 81, at 5.)

Williams does not explain why the information already provided to him by the government is insufficient to inform him of the nature of the charges against him, to allow him to prepare for trial, to avoid the danger of surprise at trial, or to plead acquittal or conviction in bar of another prosecution for the same offenses. By asking the government to identify more specifically than it already has the phone calls that it

intends to use against him at trial, Williams seeks to learn exactly how the government intends to prove its case. That is not a proper use of a bill of particulars. *See Blanchard*, 542 F.3d at 1141. Therefore, the court shall recommend that Williams's motion for a bill of particulars be denied.

### Motion For Production of Exculpatory Evidence

Williams also moves for an order directing the government to produce all exculpatory evidence within its possession, custody, or control. *Brady v. Maryland* "established the general proposition that a prosecutor's suppression of exculpatory evidence violates the Due Process Clause of the Fourteenth Amendment." *Canen v. Chapman*, No. 16-1621, 2017 WL 382329, at *4 (7th Cir. Jan. 27. 2017) (citing *Brady*, 373 U.S. 83, 87). And subsequent cases have extended the requirement to disclose exculpatory evidence to information that affects the credibility of the government's witnesses. *See Giglio v. United States*, 405 U.S. 150, 154 (1972); *United States v. Bagley*, 473 U.S. 667, 677 (1985) (impeachment evidence falls within required *Brady* disclosures).

Williams does not offer any evidence that the government is not complying with its constitutional duty to disclose all exculpatory evidence to the defense. The government repeats its stance that it is following its open file policy and will disclose all exculpatory material pursuant to Criminal Local Rule 16(a)(2). The court finds it unnecessary to recommend an order that serves no purpose other than reminding the government of its due process obligations.

5

Case 2:16-cr-00111-JPS Filed 02/23/17 Page 5 of 9 Document 89

**Motion For Early Disclosure of Grand Jury Transcripts**

Williams also moves the court for an order requiring the early disclosure by the government of the grand jury transcript, or in the alternative, for the court to conduct an in-camera examination of the transcript. Williams states that, after reviewing discovery, there does not appear to be evidence that he conducted any prostitution-related activity in the Eastern District of Wisconsin in regard to some or all of the four victims alleged in Counts One through Four. He also states that there does not appear to be any evidence that the alleged prostitution trips emanated from the Eastern District of Wisconsin as alleged in Counts Five through Eight of the Superseding Indictment— potentially giving him a basis for moving to dismiss per Federal Rule Criminal Procedure 12(3)(A)(v), thus, he should be entitled to review the grand jury transcript immediately under Federal Rule of Criminal Procedure 6(e)(3)(E)(ii).

"Our judicial system consistently has recognized that the proper functioning of grand jury proceedings depends upon their absolute secrecy." *In re Grand Jury Proceedings*, 942 F.2d 1195, 1198 (7th Cir. 1991) (citing *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979)). This secrecy allows otherwise hesitant witnesses to come forward voluntarily without fear of retribution or vulnerability to inducements; it reduces the prospect that persons about to be indicted would flee or try to manipulate

the grand jury; and it prevents persons who are exonerated by the grand jury from being subjected to public shame or ridicule. *Id*.

"Nevertheless, the veil of secrecy is not immovable." *West v. United States*, No. 08 CR 669, 2010 WL 1408926, *3 (N.D. Ill. Apr. 5, 2010). The Local Rules for the United States District Court for the Eastern District of Wisconsin require the government turn over grand jury transcripts of the testimony of trial witnesses one business day before the start of trial. *See* Crim. L.R. 16(a)(4). Under Fed. R. Crim. P. 6(e)(3)(E)(ii), the court may order the disclosure of a grand jury transcript sooner "upon the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[.]" But this is a "deliberately stringent" standard. *In re Grand Jury Proceedings*, 942 F.2d 1195, 1199 (7th Cir. 1991). "Parties seeking grand jury transcripts must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *In re EyeCare Physicians of Am.*, 100 F.3d 514, 519 (7th Cir. 1996) (quoting *Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979)). "[O]ne seeking disclosure of grand jury proceedings must demonstrate more than relevance; he must show necessity to prevent injustice." *Hernly v. U.S.*, 832 F.2d 980, 983 (7th Cir. 1987) (citing *United States v. Procter & Gamble*, 356 U.S. 677. 682 (1958)).

Williams has not met his burden for either an early public release or for the court to conduct an in-camera review of the grand jury transcript. Williams's motion essentially boils down to an allegation that there was insufficient evidence before the grand jury to bring Counts One through Eight of the indictment. But "[i]t would run counter to the whole history of the grand jury institution to permit an indictment to be challenged on the ground that there was inadequate or incompetent evidence before the grand jury." *United States v. Williams*, 504 U.S. 36, 54 (1992) (citing *Costello v. United States*, 350 U.S. 359, 363-64 (1956). Therefore, the court will not recommend undermining the important policy considerations that support grand jury secrecy solely upon a blanket claim that not enough evidence exists to sustain Counts One through Eight.

**IT IS THEREFORE RECOMMENDED** that Williams's motion for a bill of particulars (ECF No. 70) be **denied.**

**IT IS FURTHER RECOMMENDED** that Williams's motion for the government to release its *Brady* materials (ECF No. 71) be **denied as moot.**

**IT IS FURTHER RECOMMENDED** that Williams's motion for an early release of the grand jury transcripts (ECF No. 72) be **denied.**

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Crim. P. 59(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation or prior to the Final

8

Case 2:16-cr-00111-JPS    Filed 02/23/17    Page 8 of 9    Document 89

Pretrial Conference, whichever is earlier. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 23rd day of February, 2017.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge