# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                Plaintiff,

        v.                             Case No. 16-CR-111

JABOREE WILLIAMS,

                Defendant.

## ORDER ON DEFENDANT'S MOTION TO SEVER

On November 17, 2016, defendant Jaboree Williams moved to sever Counts Seven and Eight of his original indictment (ECF No. 21) from the remaining counts in the indictment. (ECF No. 49.) Count Seven charged Williams with conspiring to distribute heroin, and Count Eight charged Williams with distributing heroin resulting in the overdose of a third-party, "V-4." (ECF No. 21). The remaining counts in the original indictment charged Williams with sex trafficking (Counts One through Six) and evidence destruction (Count Nine).

On December 13, 2016, the government filed a nineteen-count superseding indictment against Williams. (ECF No. 62.) The offenses charged in Count Seven and Eight of the original indictment became Counts Nine and Ten of the superseding

indictment. (ECF Nos. 21, 62.) The other added counts concerned evidence obstruction, interference with grand jury investigation, and violations of the court's no contact order. (ECF No. 62.)

The next day, December 14, 2016, the government filed a response to the defendant's motion to sever (ECF No. 61) without addressing the impact the superseding indictment would have on Williams's motion to sever. Williams's reply (ECF No. 64) also did not address the differences between the original and superseding indictments. Nevertheless, the motion has not been withdrawn. Being fully briefed (ECF Nos. 49, 61, 64), the motion is ready for resolution.

Williams sets forth three reasons why the two drug distribution counts should be severed from the other counts in the indictment. First, he argues that Federal Rule of Criminal Procedure 8(a) does not allow joinder because the drug trafficking acts and the sex trafficking acts did not constitute the same act or transaction nor are they connected by a common scheme or plan. Next Williams asserts that under Federal Rule of Criminal Procedure 14(a) he will be prejudiced by joinder of all of the counts. Lastly, Williams says that he will also be prejudiced by joining all of the counts in one trial because he has determined that he likely *would testify* in a trial regarding human trafficking but likely *would not testify* in a trial regarding drug trafficking.

The government contends that Williams's drug trafficking and sex trafficking are connected with a common scheme or plan and that the evidence introduced at a sex-

trafficking trial will substantially overlap with the evidence presented at a drug trafficking trial. The government asserts that one of the victims of sex trafficking identified in the indictment, "V2," will testify about how her involvement in the sex trafficking crimes motivated her to participate in the drug trafficking crimes. The government's theory is that Williams's sex trafficking offenses involving V2 gave him extreme control over her to the point where she was willing to aid in his drug trafficking. V2's testimony regarding the sex trafficking and drug trafficking will be inextricably intertwined.

## Analysis

Federal Rule of Criminal Procedure 8(a) permits joinder of offenses if they are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Typically, courts judge the propriety of joinder based upon the face of the indictment rather than the evidence that supports that indictment. *United States v. Berg*, 714 F.3d 490, 495 (7th Cir. 2013) (quoting *United States v. Lanas*, 324 F.3d 894, 899 (7th Cir. 2003)) ("[I]n assessing whether joinder was proper, we look solely to the face of the indictment and not to the evidence adduced later at trial."); *United States v. Alexander*, 135 F.3d 470, 475 (7th Cir. 1998) ("In assessing the propriety of joinder under this rule, we look solely to the face of the government's indictment and not to any evidence ultimately presented at the defendant's trial."); *United States v. Coleman*, 22 F.3d 126, 132 (7th Cir. 1994) (quoting

*United States v. Quintanilla*, 2 F.3d 1469, 1482 (7th Cir. 1993) ("The test of misjoinder is what the indictment charges, not what the proof at trial shows.")).

"Judicial economy and convenience are the chief virtues of joint trials." *United States v. Coleman*, 22 F.3d 126, 132 (7th Cir. 1994). Thus, "there is a strong policy preference in favor of the joinder of qualifying charges and [Rule 8a] must be broadly characterized toward that end." *Alexander*, 135 F.3d at 475 (7th Cir. 1998). Whether efficiencies will be realized often depends upon the extent of evidentiary overlap between the joined charges. *Coleman*, 22 F.3d at 132. "Separate counts that involve much of the same evidence would, if tried separately, engender duplicative efforts at trial. On the other hand, separate counts that for the most part depend on separate evidence save fewer steps when tried together." *Id.*

The court begins with an analysis of the face of the superseding indictment. While Williams originally brought this motion to sever on the basis of the original indictment, that indictment was superseded on December 13, 2016. (ECF No. 62). Count Nine of the Superseding Indictment reads:

> Beginning in approximately January of 2015, and continuing through July of 2015, in the State and Eastern District of Wisconsin, Jaboree Williams knowingly and intentionally conspired with persons known and unknown to the grand jury, to possess with the intent to distribute and distribute controlled substances, including a mixture and substance containing heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 846.

(ECF No. 62 at 9). Count Ten of the Superseding Indictment reads:

1. On or about June 20, 2015, in the State and Eastern District of Wisconsin, Jaboree Williams knowingly distributed a mixture and substance containing heroin, a Schedule I controlled substance. 2. Serious bodily injury, including the heroin overdose of V-4, resulted from the use of the heroin distributed. All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and Title 18, United States Code, Section 2.

(ECF No. 62 at 10.)

When examined in conjunction with the remaining charges of the superseding indictment, the court finds sufficient facial overlap between the drug trafficking and sex trafficking charges. Specifically, Count Four of the superseding indictment alleges that beginning in approximately November 2014 and continuing through January 2015 Williams caused V-4 to engage in commercial sex acts. Count Eight of the superseding indictment charges that in approximately December 2014 Williams knowingly transported V-4 in interstate commerce with the intent that she engage in prostitution. As stated above, Count Ten then charges that Williams distributed heroin leading to the overdose of this same victim, V-4.

Thus, the face of the superseding indictment establishes overlap between the drug and sex offenses to show that Williams was involved in both as part of a common scheme or plan. Counts Four and Eight link with Count Ten by virtue of the common V-4 victim and Count Ten in turn links with Count Nine by virtue of both charging heroin distribution. Therefore, the charges of the superseding indictment may be properly joined under Rule 8(a). *See United States v. Anderson*, No. 14-CR-186, 2015 WL

1956442, at *3 (E.D. Wis. Apr. 29, 2015) ("[T]here is nothing from the face of Rule 8(a) to suggest that such chaining of charges is improper.").

Williams argues that even if the offenses are properly joined under Rule 8, the drug distribution charges should be severed under Federal Rule of Criminal Procedure 14 due to their prejudicial effect. The standard to show prejudice is more than merely "that a separate trial would offer a better chance of acquittal." *United States v. Stokes*, 211 F.3d 1039, 1042 (7th Cir. 2000) (citing *United States v. Marshall*, 75 F.3d 1097, 1105 (7th Cir. 1996)); *see also United States v. Alexander*, 135 F.3d 470, 477 (7th Cir. 1998) (no abuse of discretion unless "defendant is able to show that the denial of a severance caused him actual prejudice in that it prevented him from receiving a fair trial"); *United States v. Vest*, 116 F.3d 1179, 1189-90 (7th Cir. 1997) (not enough that separate trials may have provided defendant with a better opportunity for an acquittal)). The decision as to whether there has been a sufficient showing of prejudice to warrant severance is left to the sound discretion of the trial court. *Zafiro v. United States*, 506 U.S. 534, 541 (1993).

Williams states that trying the drug trafficking charges together with the other charges may embarrass or confound him in presenting a defense. He contends that the jurors may infer that he has a criminal disposition when evidence that is irrelevant to sex trafficking crimes is heard during the prosecution of the drug trafficking crimes and vice versa. And he states that the evidence will cumulate in the minds of the jurors, who will not be able to compartmentalize the evidence as to the separate counts.

The government responds that Williams must establish "severe or compelling prejudice." (ECF No. 61 at 6 (citing *United States v. Lane*, 474 U.S. 438, 449 n.12 (1986)). It is not sufficient to show simply that he may have a better chance of acquittal in separate trials. And, the government contends, Williams's conclusory allegations of prejudice fall short of demonstrating "severe and compelling prejudice."

Williams has not explained why limiting instructions cannot address any potential prejudice arising from trying all of the counts together. Limiting instructions have been consistently recognized as "'an adequate safeguard against the right of prejudice in the form of jury confusion, evidentiary spillover, and cumulation of evidence.'" *Alexander*, 135 F.3d at 478 (quoting *United States v. Turner*, 93 F.3d 276, 284 (7th Cir. 1996)). Moreover, "juries are presumed capable of sorting through the evidence," *United States v. Briscoe*, 896 F.2d 1476, 1517 (7th Cir. 1990), and "[o]ur theory of trial relies upon the ability of a jury to follow instructions." *Id.* (quoting *Opper v. United States*, 348 U.S. 84, 95 (1954)). Williams has not demonstrated that the case is so complex or confusing such that a jury will not be able to fairly judge the evidence with the aid of well-crafted jury instructions regarding the separate consideration of each count.

Finally, Williams argues that it is his intention to present separate defenses to the sex trafficking crimes as from the drug trafficking crimes. Specifically, Williams is not convinced that the government will be able to prove that he was the source of the drugs

that eventually resulted in the overdose of V-4 and states that it is unlikely that he would testify at a trial addressing the drug distribution charges. In contrast, Williams contends that his defense to the sex trafficking crimes will be that he never forced or coerced any of the women to work as prostitutes for him. Given this defense, it is likely that he *would* testify at a trial on the sex trafficking charges.

The government largely dismisses these concerns, citing *Alvarez v. Wainwright*, 607 F.2d 683, 685 (5th Cir. 1979) and *United States v. Martin*, 18 F.3d 1515, 1519 (10th Cir. 1994), for the general proposition that severance is not warranted merely because a defendant says he wants or intends to testify on some but not all counts.

"[S]everance is not required 'every time a defendant wishes to testify to one charge but to remain silent on another. If that were the law, a court would be divested of all control over the matter of severance and the choice would be entrusted to the defendant.'" *Alexander*, 135 F.3d at 477 (quoting *United States v. Archer*, 843 F.2d 1019, 1022 (7th Cir. 1988)); *see also United States v. Peters*, 791 F.2d 1270, 1287 (7th Cir. 1986). "Nevertheless . . . sometimes circumstances can coerce a defendant into testifying on a count upon which he wishes to remain silent." *Archer*, 843 F.2d at 1022. The standard of the Seventh Circuit Court of Appeals, then, is that "th[e] need for severance does not arise 'until the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." *Id*. (quoting *Baker v. United States*, 401 F.2d 958, 977 (D.C. Cir. 1968)); *see also*

*United States v. Ervin*, 540 F.3d 623, 629 (7th Cir. 2008). "A defendant's 'general assertions' about the testimony he seeks to offer will not suffice; he must proffer 'specific examples of the exculpatory testimony' that he would give but for the joinder of the counts." *Ervin*, 540 F.3d at 629 (quoting *Alexander*, 135 F.3d at 477); *see also Berg*, 714 F.3d at 496.

The entirety of Williams' assertion on this point is that "[t]he defense in regard [sic] several of the sex trafficking offenses will be that the Defendant never forced or coerced any of the women to work as prostitutes which would likely require him to testify." (ECF No. 64, at 4.) But Williams does not specify which sex trafficking offenses (or which victims) his defense would apply to. He does not delve into the specific exculpatory statements that he would offer in support of his defense. Without more, this sort of underdeveloped defense theory falls short of convincing the court that severance is necessary; Williams has not met his burden that severance is justified on this ground.

**IT IS THEREFORE ORDERED** that Williams' motion to sever (ECF No. 49) be **denied.**

Dated at Milwaukee, Wisconsin this 24th day of February, 2017.

WILLIAM E. DUFFIN
U.S. Magistrate Judge