# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 16-CR-111-JPS |
| v. | |
| JABOREE WILLIAMS, | |
| Defendant. | **ORDER** |

Defendant Jaboree Williams ("Williams") is charged in the Second Superseding Indictment with offenses such as sex trafficking, narcotics distribution, evidence destruction, and witness tampering. (Docket #95). He filed several pretrial motions, including a motion for a bill of particulars as to the first superseding indictment (Docket #70), a motion for the release of materials pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) (Docket #71), and a motion for early disclosure of grand jury transcripts (Docket #72). Magistrate Judge William E. Duffin issued a report and recommendation on February 23, 2017, recommending that each of Williams' motions be denied. (Docket #89). Williams objected to the recommendations as to his motion for a bill of particulars and his motion relating to grand jury transcripts. (Docket #91). His objections are fully briefed and, for the reasons stated below, they will be overruled.

When reviewing a magistrate's recommendation, this Court is obliged to analyze the recommendation *de novo*. 28 U.S.C. § 636(b)(1)(C). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* The Court's review encompasses both the magistrate's legal analysis and factual findings. *Id.*

1.    **Motion for Bill of Particulars**

First is Williams' motion for a bill of particulars. In it, he requests an order that the government produce a bill of particulars under Federal Rule of Criminal Procedure 7(f) as to Counts Eleven through Fifteen of the first superseding indictment. (Docket #70).[1] He claims that these counts, which concern witness tampering, destruction of evidence, and obstruction of sex trafficking prosecutions, span many months of time and are based on hundreds of hours of recorded phone calls which his counsel does not have time to listen to. *Id.* at 2–3. Williams desires the government to identify each phone call it intends to introduce at trial and the participants in each such call. (Docket #70 at 4).

An indictment must contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Rule 7(f) permits the court, in its discretion, to order the government to provide a defendant with a bill of particulars. *Id.* 7(f). The "key question" in deciding whether to order a bill of particulars is whether the indictment sufficiently apprises the defendant of the charges against him in order to enable adequate trial preparation. *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008). "Information relevant to the preparation of a defense includes the elements of each charged offense, the time and place of the accused's allegedly criminal conduct, and a citation to the statute or statutes violated." *Id.* (citing *United States v.*

---

[1]The Second Superseding Indictment is identical to the first as it pertains to Counts Eleven through Fifteen, with the exception that it extends the time period for Count Eleven to March 2017 and includes an additional allegation in that count that Williams violated a no-contact order. (Docket #95 at 11). Thus, the analysis of Williams' motion can proceed despite the superseding of the relevant indictment.

*Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003)). But even when some of this information is lacking in the indictment, a bill of particulars is nonetheless unnecessary if the information "is available through 'some other satisfactory form,' such as discovery." *United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003) (quoting *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991)).

The Court finds that Williams' motion is without merit. The Second Superseding Indictment identifies the charged conduct, the relevant statutes, and time frames for the conduct ranging from two months to eighteen months. (Docket #95 at 11–15). The worst that can be said about these allegations is that they are vague as to the precise dates on which the unlawful conduct occurred. But this information was available to Williams through discovery, and that is all that is required of the government. *Blanchard*, 542 F.3d at 1140.

Magistrate Duffin aptly noted that Williams has it backwards to suggest that the volume of discovery indicates a need for a bill of particulars. (Docket #89 at 3). Williams fails to appreciate that the relevant inquiry is whether the indictment and the discovery materials apprise him of the required information. Rule 7(f) is not a tool to make his trial preparation easier; it relates primarily to the sufficiency of the indictment. *Blanchard*, 542 F.3d at 1140. A defendant is entitled to know the nature of the charges against him and the government's theory of prosecution but not precisely how the government intends to prove its case. *United States v. Agostino*, 132 F.3d 1183, 1191 (7th Cir. 1997); *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981). A motion for a bill of particulars is not a method to circumvent this principle.

Williams may not think the government's open-file policy a "satisfactory" way to learn the factual details of the charged offenses, (Docket #91 at 2), but the Seventh Circuit has held otherwise. *See Canino*, 949 F.2d at 949 (finding that "[t]he nature and operations of the 'open-file' policy" render it "an adequate 'satisfactory form' of information retrieval, making [a] bill of particulars unnecessary"); *United States v. Trenton*, 67 F. App'x 932, 934 (7th Cir. 2003) (same). Further, Williams' lone citation, *United States v. Balsiger*, 644 F. Supp. 2d 1101 (E.D. Wis. 2009), is not apt. There, the court found that the indictment, coupled with the government's voluminous discovery production, obviated the need for a bill of particulars. *Id.* at 1113. The court also noted that the discovery materials were produced in searchable format, a fact that further militated against the defendant's request. *Id.* But the court did not hold that easing the burden of reviewing discovery through searchable files was required, nor has the Court located any Seventh Circuit opinion so holding. Moreover, the government should not be penalized in this case simply because Williams' alleged misconduct occurred over the phone rather than in some written form. Put simply, Williams' convenience is not a basis for ordering the government to prepare a bill of particulars, and so his motion must be denied.

**2. Motion for Early Disclosure of Grand Jury Transcripts**

Williams also filed a motion for the early release of grand jury transcripts pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E). (Docket #72). According to him, the transcripts will reveal that venue is not proper in the Eastern District of Wisconsin for some of the charges because the alleged illegal conduct did not occur here. *Id.* He claims that

he needs the transcripts to determine whether a motion to dismiss for error in the grand jury proceedings under Rule 12(b)(3)(A)(v) is warranted. *Id.* He also seeks the grand jury transcripts to better understand what evidence the government intends to rely upon at trial. *Id.* As a result, he asks that the transcripts be disclosed now, rather than one day before trial as is provided in the Local Rules. *See* Crim. L. R. 16(a)(4).

Magistrate Duffin was not convinced that either of Williams' reasons was sufficient to overcome the strong presumption in favor of grand jury secrecy. (Docket #89 at 6–8); *In re Grand Jury Proceedings*, 942 F.2d 1195, 1198 (7th Cir. 1991). Neither is this Court. First, it is notable that Williams desires disclosure of the grand jury transcripts to determine whether there is evidence supporting venue in this District and to assist him in trial preparation. (Docket #91 at 5–6). Rule 6(e)(3)(E)(ii) appears to be the basis for his request, but that Rule only permits disclosure where the defendant shows a ground for dismissal may exist "*because of* a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii) (emphasis added). The Rule pertains to situations involving "irregularities" in the grand jury proceedings, *United States v. Abcasis*, 785 F. Supp. 1113, 1119 (E.D.N.Y. 1992); it is not a catch-all to discover helpful information that may have come before the grand jury. Thus, the Rule may allow disclosure in instances where, for example, the grand jury transcript would show that the indictment was obtained on perjured testimony or with incomplete exhibits. *See, e.g.*, *United States v. Aponte-Garcia*, Criminal No. 15-660 (FAB), 2016 WL 7373882, at *7 (D.P.R. Dec. 20, 2016); *United States v. Naegele*, 474 F. Supp. 2d 9, 11 (D.D.C. 2007). Williams offers neither logic nor citation to authority showing that improper venue

or assisting in trial preparation are the kinds of bases for disclosure contemplated by Rule 6(e)(3)(E)(ii).

Moreover, these rationales fall short of meeting Williams' heavy burden to show that he needs the grand jury transcripts. *See In re EyeCare Physicians of Am.*, 100 F.3d 514, 519 (7th Cir. 1996). The Court finds that they constitute no more than "blanket" claims of need, (Docket #89 at 8), unsupported by the particularized showing required to justify invading the secrecy of grand jury proceedings. *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 223 (1979); *Carlson v. United States*, 837 F.3d 753, 766 (7th Cir. 2016). If Williams has actual evidence supporting his belief that venue is not proper in this District, he has not shared it. A request for grand jury transcripts cannot be granted to permit him a "fishing expedition." *Lucas v. Turner*, 725 F.2d 1095, 1101 (7th Cir. 1984). Nor does the Court credit his suggestion that because the facts in the indictment are "scant" with respect to venue, the next step must be to examine the grand jury transcripts. (Docket #91 at 5). He cites no authority in this regard. Similarly, whether or not Williams thinks the grand jury transcripts would aid in his trial preparation, this is not the kind of compelling justification necessary to prevent injustice which would permit the disclosure he seeks. *See Hernly v. United States*, 832 F.2d 980, 983 (7th Cir. 1987). The motion must, therefore, be denied.

Accordingly,

**IT IS ORDERED** that Defendant Jaboree Williams' objections to Magistrate Judge William E. Duffin's Report and Recommendation (Docket #91) be and the same are hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that Magistrate Judge William E.

Duffin's Report and Recommendation (Docket #89) be and the same is hereby **ADOPTED**;

IT IS FURTHER ORDERED that Defendant Jaboree Williams' motion for a bill of particulars (Docket #70) be and the same is hereby **DENIED**;

IT IS FURTHER ORDERED that Defendant Jaboree Williams' motion for release of *Brady* materials (Docket #71) be and the same is hereby **DENIED as moot**; and

IT IS FURTHER ORDERED that Defendant Jaboree Williams' motion for early disclosure of grand jury transcripts (Docket #72) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of April, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge